**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **WATSON MUSIC GROUP, LLC D/B/A QUADRASOUND MUSIC,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 3:24-CV-03009-D** |
| **v.** | |
| **NEXSTAR MEDIA GROUP INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## NEXSTAR MEDIA, GROUP INC.'S  ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW, Defendant Nexstar Media Group Inc. ("Nexstar" or "Defendant") and files this Answer to Plaintiff Watson Music Group, LLC d/b/a Quadrasound Music's ("Quadrasound" or "Plaintiff") Complaint (Dkt. #1) (the "Complaint") as follows:

## INTRODUCTION

1.      Paragraph 1 of the Complaint contains no allegations which require a response.

2.      Defendant lacks sufficient knowledge or information to respond to the allegations contained in Paragraph 2 of the Complaint and therefore denies.

3.      Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6.      Defendant lacks sufficient knowledge or information to respond to the allegations contained in Paragraph 6 of the Complaint and therefore denies.

7.      Defendant admits the allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations contained in Paragraph 10 of the Complaint to the extent venue is proper under 28 U.S.C. § 1391(b)(2).

## FACTS COMMON TO ALL CLAIMS

### A.  Plaintiff's Copyright Ownership

11.     Defendant lacks sufficient knowledge or information to respond to the allegations contained in Paragraph 11 of the Complaint and therefore denies.

12.     Defendant lacks sufficient knowledge or information to respond to the allegations contained in Paragraph 12 of the Complaint and therefore denies.

13.     Defendant lacks sufficient knowledge or information to respond to the allegations contained in Paragraph 13 of the Complaint and therefore denies.

### B.  Defendant's Infringing Activity

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint - the Musical Work was provided by Meta as an available song in its sound library for its users, including Defendant. Defendant chose the Musical Work from those songs Meta made available to it for Meta's publication on its Facebook and Instagram websites.

15.     Defendant lacks sufficient knowledge or information to respond to the allegations contained in Paragraph 15 of the Complaint and therefore denies.

16.     Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits its stations have the ability to post content on its Accounts but

otherwise denies any remaining allegations contained in Paragraph 17 of the Complaint.

18.    Defendant admits the Accounts are part of its business but otherwise denies any remaining allegations contained in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations contained in Paragraph 19 of the Complaint - the Musical Work was provided by Meta as an available song in its sound library for its users, including Defendant. Defendant chose the Musical Work from those songs Meta copied, stored, distributed, and made available to its users for Meta's publication on its Facebook and Instagram websites.

20.    Defendant admits the allegations contained in Paragraph 20 of the Complaint to the extent that the Musical Work was displayed by Meta at the URLs.

21.    Defendant admits its stations take an active role in content posted on the Accounts but otherwise denies any remaining allegations contained in Paragraph 21 of the Complaint.

22.    Defendant admits it chose the Musical Work from those songs Meta copied, stored, distributed, and made available to its users for Meta's publication on its Facebook and Instagram websites but denies any remaining allegations or allegations of wrongdoing contained in Paragraph 22 of the Complaint.

23.    Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.    Defendant admits its stations have the ability to control and reviews and monitors the content on its Accounts but otherwise denies any remaining allegations contained in Paragraph 24 of the Complaint.

25.    Defendant admits its stations have the ability to control and limit infringing activities on its Accounts and otherwise denies any remaining allegations contained in Paragraph 25 of the Complaint.

26.    Defendant admits its stations have the ability to control and review and monitor the content on its Accounts but otherwise denies any remaining allegations contained in Paragraph 26 of the Complaint.

27.    Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.    Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.    Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.    Defendant admits that it has the ability to control its posted content on the Accounts and denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.    Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.    Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.    Defendant denies Plaintiff sent a letter to Defendant on May 30, 2024 (or ever) seeking to address the complaints herein before the Complaint was filed.

34.    Defendant denies that Plaintiff sent a second letter to Defendant on July 31, 2024 (or ever) seeking to address the complaints contained herein.

35.    Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant denies the allegations contained in Paragraph 37 of the Complaint.

**ANSWER TO FIRST COUNT:**
**_(DIRECT COPYRIGHT INFRINGEMENT, 17 U.S.C. §501 ET SEQ.)_**

38.    Defendant incorporates by this reference each and every admission and denial set forth above at paragraphs 1 through 37, inclusive, as though fully stated herein.

39.    Paragraph 39 of the Complaint contains legal conclusions that do not require a response or denial. To the extent that any of the remaining allegations contained in this paragraph can be considered factual assertions, Defendant denies all such allegations.

---

40. Paragraph 40 of the Complaint contains legal conclusions that do not require a response or denial. To the extent that any of the remaining allegations contained in this paragraph can be considered factual assertions, Defendant denies all such allegations.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

## DEFENDANTS' DEMAND FOR JURY TRIAL

46. Nexstar hereby demands a trial by jury on all issues so triable in this action, including specifically on Plaintiff's claims and Defendants' defenses thereto.

## AFFIRMATIVE DEFENSES

By way of further answer to the Complaint, Defendant denies any and all allegations not specifically admitted herein, and state the following Affirmative Defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part, and should be dismissed as a matter of law.

2. Plaintiff's claims are barred because Defendant's use of the alleged copyrighted material constitutes fair use.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, Plaintiff's failure to comply with the procedural requirements of 42 U.S.C. § 2000e-5, and/or the doctrine of laches.

4. Plaintiff's claims are barred because the work at issue was developed independently of Plaintiff's alleged copyrighted material.

---

**NEXSTAR MEDIA GROUP INC.'S ANSWER TO FIRST AMENDED COMPLAINT** **PAGE 5**

5. Plaintiff's claims are barred because Defendant had a license to use the alleged copyrighted material.

6. Plaintiff's claims are barred based on the doctrine of innocence: Defendant's infringement was unintentional, Defendant did not know or have reason to believe that its actions violated copyright law, and Defendant genuinely believed that its use of the copyrighted work was authorized, either through a license or fair use.

7. Plaintiff's claims are barred because Plaintiff abandoned his copyright and intended to give up ownership rights to the work.

8. Plaintiff's claims are barred because Defendant does not hold a valid copyright because the work lacks creative expression and originality.

9. Plaintiff's claims are barred because Defendant does not hold a valid copyright because the work exists in the public domain.

10. Plaintiff's claims are barred due to waiver and release of claims.

11. Plaintiff's claims are barred because Defendant's work bears no substantial similarity to that of Plaintiff's alleged copyrighted material.

12. Plaintiff's claims are barred by the applicable statute of limitations.

13. People or entities other than this Defendant, including Meta, caused or contributed to the damages Plaintiff claims to have suffered. Therefore, any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

14. Defendant reserves the right to supplement its Affirmative Defenses as they become known throughout this lawsuit.

## RESERVATION OF RIGHTS

Nexstar reserves the right to add any affirmative defenses which may now exist or in the future may be available based on discovery and further factual investigation in this case, including but not limited to: the doctrine of acquiescence, patent misuse, waiver, inequitable conduct, unclean hands and/or other applicable equitable doctrines, and standing.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Nexstar prays for judgment as follows:

A.    Plaintiff's Complaint be dismissed in its entirety with prejudice;

B.    Defendant be awarded costs and attorney fees incurred in defending this action pursuant to 17 U.S.C. 505;

C.    Defendant be awarded any other relief that the Court deems just and proper.

Dated:  March 13, 2026

Respectfully submitted,

**MUNCK WILSON MANDALA, LLP**


*/s/ Jenifer C. Wallis*
Jenifer C. Wallis
CA State Bar No. 303343
1925 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 601-1105
Facsimile: (972) 628-3616
Email: jwallis@munckwilson.com

Tracy J. Carson
Texas State Bar No. 24101600
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201
Telephone:  972-628-3642
Telecopier:  972-628-3616
Email: tkahler@munckwilson.com


**ATTORNEYS FOR DEFENDANT
NEXSTAR MEDIA GROUP INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on this 13th day of March, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

> /s/ Jenifer C. Wallis
> Jenifer C. Wallis